FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 08 2015  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MALACHI CAMPBELL, #13002952,

                      Plaintiff,

    -against-

MICHEAL [SIC] J. SPOSATO, SHERIFF, CPL. MR. C,
NASSAU COUNTY CORRECTIONAL FACILITY,
NASSAU COUNTY ATTORNEY,

                      Defendants.
----------------------------------------------------------------X
MALACHI CAMPBELL, #13002952,

                      Plaintiff,

    -against-

MICHEAL [SIC] J. SPOSATO, SHERIFF, CPL. MR. C,
NASSAU COUNTY CORRECTIONAL FACILITY,
NASSAU COUNTY ATTORNEY,

                      Defendants.
----------------------------------------------------------------X

ORDER
15-CV-1958 (JFB) (SIL)

15-CV-3198 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

On April 6, 2015, incarcerated *pro se* Malachi Campbell ("plaintiff") filed an *in forma pauperis* civil rights complaint against Micheal [sic] J. Sposato, Sheriff, Cpl. "Mr. C"; the Nassau County Correctional Facility; and the Nassau County Attorney (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). That complaint was assigned docket number 15-1958. On May 21, 2015, plaintiff re-filed the complaint and submitted another application to proceed *in forma pauperis*. The second complaint was assigned docket number 15-3198. Upon review of the declarations accompanying plaintiff's applications to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1).

Accordingly, plaintiff's applications to proceed *in forma pauperis* are GRANTED.

However, because the identical complaints are duplicative, the Court consolidates them under the first filed complaint, 15-1958, and directs that the case assigned docket number 15-3198 be closed. All future filings shall be made only under docket number 15-1958. In addition, for the reasons that follow, the complaint is dismissed as against the Nassau County Attorney. The Clerk of Court shall forward to the United States Marshal Service for the Eastern District of New York copies of plaintiff's summonses, complaint and this Order for service upon the defendants other than the Nassau County Attorney without prepayment of fees.

DISCUSSION

I.   Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this actions without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

II.   Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is

likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221. Here, the complaints filed by plaintiff are identical. Accordingly, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 15-CV-1958. The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark the second case (15-CV-3198) closed; and (3) forward copies of the summonses, the complaint and this order to the United States Marshal Service for service upon the defendants other than the County Attorney forthwith. All future filings are to be docketed in 15-CV-1958.

III. Sufficiency of the Pleadings

    A. Legal Standard

A district court is required to dismiss an *in forma pauperis* complaint if the action is

3

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

4

of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

B. Substantive Claim

Although the plaintiff has named the Nassau County Attorney as a defendant, there are absolutely no facts in the complaint that relate to this defendant. It is unclear how the Nassau County Attorney was involved, if at all, in the incident alleged to have occurred while plaintiff was detained at the Nassau County Correctional Facility. Because "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004), plaintiff's claim against the Nassau County Attorney is not plausible and it is thus dismissed without prejudice.

CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the first and second complaints are consolidated into plaintiff's first-filed case, 15-1958. The Clerk of Court is directed to mark the second case (15-CV-3198) closed and all future filings are to be docketed in 15-CV-1598. The Clerk of Court is further directed to forward copies of the summons, the complaint and this order to the United States Marshal Service for service upon the defendants other than the Nassau County Attorney forthwith and to mail a copy of this Order to plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: June 8, 2015
      Central Islip, New York

Joseph F. Bianco
United States District Judge