FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 16 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MALACHI CAMPBELL, #13002952,

                           Plaintiff,

                                                   ORDER
          -against-                             15-CV-1958 (JFB) (SIL)

MICHEAL [SIC] J. SPOSATO, SHERIFF, CPL. MR. C,
NASSAU COUNTY CORRECTIONAL FACILITY,
NASSAU COUNTY ATTORNEY,

                           Defendants.
----------------------------------------------------------X
JOSEPH F. BIANCO, District Judge:

        On April 6, 2015, plaintiff filed the complaint in this action, proceeding *pro se* and asserting claims related to an inmate-on-inmate assault incident at the Nassau County Correctional Center ("NCCC"). Plaintiff asserts claims against two correctional officers and the NCCC.[1] On August 2, 2015, defendants filed a motion to dismiss, and on October 2, 2015, the Court referred the motion to dismiss to Magistrate Judge Locke for a Report and Recommendation ("R&R"). On November 17, 2015, Magistrate Judge Locke issued a memorandum recommending that the motion to dismiss be granted in its entirety, but that plaintiff be granted leave to file an amended complaint. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of receipt of the R&R. (*See* R&R, ECF No. 20, at 12.) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R.

---

[1] In his complaint, plaintiff also named the Nassau County Attorney as a defendant. However, in a June 8, 2015 Order, this Court *sua sponte* dismissed plaintiff's claims against the Nassau County Attorney without prejudice because there were "absolutely no facts in the complaint that relate to this defendant." (*See* ECF No. 8 at 5.)

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety.

IT IS ORDERED that the motion to dismiss is granted and that plaintiff's complaint is dismissed in its entirety with leave to replead to correct the pleading deficiencies identified in Magistrate Judge Locke's R&R. However, because the NCCC is not a suitable defendant, the claim against the NCCC is dismissed with prejudice and without leave to replead. If plaintiff intends to pursue his claims, he may file an amended complaint stating claims against all defendants other than the NCCC within thirty (30) days of this Order. Plaintiff is warned that if he fails to file an amended complaint within thirty days, the Court may dismiss this case with

prejudice, without further notice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: December 16, 2015
Central Islip, New York

JOSEPH F. BIANCO
United States District Judge